WILLIAM H. RANKIN COMPANY and Others, Plaintiffs, *v.* EDWARD LANGER PRINTING Co., INC., and Others, Respondents, Impleaded with WILLIAM L. GROSS, as Assignee for the Benefit of Creditors of THEATRE MAGAZINE COMPANY, Appellant, and THEATRE MAGAZINE COMPANY and Others, Defendants.

First Department, December 9, 1932.

*Arthur Leonard Ross*, for the appellant.

*William West Shaw* of counsel [*Francis C. Leffler* with him on the brief; *Blandy, Mooney & Shipman*, attorneys], for the respondents.

SHERMAN, J. This action, brought by eleven plaintiffs in eleven separately stated causes of action, is for the recovery of certain sums of money from respondents, Edward Langer Printing Co., Inc., Quadri Color Company and Lathrop Paper Company, and other defendants, alleged to have been paid to defendant Theatre Magazine Company at a time when said defendant was insolvent, upon the understanding that such payments were to be held in trust by the latter until advertisements placed by plaintiffs for publication in that defendant's magazine, *The Theatre*, had been published and circulated. It is also charged that these moneys were misappro-

priated by the three respondents who subsequently took over the management and control of defendant Theatre Magazine Company, and, with full knowledge of the insolvency of their debtor and that the sums so misappropriated represented or were actually trust funds, applied such moneys to past due indebtednesses owing to them as creditors.

Plaintiffs made William L. Gross, to whom defendant Theatre Magazine Company had later made an assignment for the benefit of creditors, a party defendant to this action.

Appellant Gross, answering as such assignee, after admitting substantially the allegations of the complaint (except that the moneys paid by respondents to themselves were trust moneys), has set up a counterclaim and cross cause of action against the three respondents, alleging that such payments were made to them, with full knowledge of his assignor's insolvency and with intent to prefer themselves over other creditors of that company in violation of the Stock Corporation Law of the State of New York.

Respondents' motion, resulting in the order appealed from, seeks to strike out the counterclaim and cross cause of action upon the theory that the counterclaim and cross cause of action is not one which may be properly interposed in this action.

In our opinion, appellant Gross followed proper practice and procedure. All of the issues between all of the parties may be finally determined in this one action. (Civ. Prac. Act, § 474.) The cross cause of action appears to be related to the cause of action set forth in the complaint, because appellant is seeking from respondents recovery of the identical moneys referred to in the complaint. There should be no difficulty in disposing of these issues upon the trial. Plaintiffs will endeavor to show that the moneys paid by them in advance for advertisements in the issue of the magazine were taken by respondents and paid to themselves on account of prior indebtedness, although they knew that such moneys were to be kept as a trust fund, while appellant Gross must establish that said moneys were paid in the regular course of business and actually belonged to the Theatre Magazine Company, and that respondents unlawfully preferred themselves over other creditors. These facts are simple and interrelated. Appellant's cross claim will in no way subvert or delay the determination of plaintiffs' claim. (Civ. Prac. Act, § 264.) Indeed, appellant was made a party to this suit by plaintiffs who do not object to this course. The rights of defendants as between themselves may easily be determined in this action.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars

costs, with leave to defendants, respondents, to plead or reply to the counterclaim and cross cause of action contained in the answer of the defendant, appellant, within ten days after service of the order to be entered hereon, upon payment of said costs.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendant respondents, to plead or reply to the counterclaim and cross cause of action contained in the answer of defendant, appellant, within ten days from service of order upon payment of said costs.